NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORRIS H. YOUNG, | Civil Action No. 17-5754 (JMV) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Motion to Appoint Pro Bono Counsel. (ECF No. 4.) For the reasons discussed below, the motion will be denied without prejudice.

I. BACKGROUND

Petitioner is confined at the Special Treatment Unit in Avenel, New Jersey, where he was involuntarily civilly committed under the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24 on January 19, 2000. (ECF No. 3 at p.1; *id.* ¶5.) He filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 4, 2017. (ECF No. 1.) In the Petition, Petitioner raises constitutional challenges to the SVPA under both the United States and New Jersey constitutions.

On October 18, 2017, this Court administratively terminated this matter because Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO 241 (modified):DNJ-Habeas-008(Rev.01-2014). (ECF No. 2.) On October 30, 2017, Petitioner submitted a properly completed form. (ECF Nos. 3.) The Court therefore reopened this matter on May 10, 2018. (ECF No. 6.) Having screened the Petition for summary dismissal pursuant to

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), and having concluded that it did not plainly appear from the petition and any attached exhibits that the petitioner is not entitled to relief, the Court also ordered Respondents to answer the Petition. (*Id.*) In addition to his corrected petition, Petitioner also filed the instant motion to appoint counsel.

II. DISCUSSION

Petitioner requests the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1), which states "[t]he court may request an attorney to represent any person unable to afford counsel." In support of his motion, Petitioner asserts that he is not a trained litigator, that he has access to "very limited" law library materials at the Special Treatment Unit, and that he is unable to attain and afford counsel. (ECF No. 4 at pp. 2-3.) There is no constitutional right to counsel in a civil action. *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). Nonetheless, a court "may request an attorney to represent any person unable to employ counsel." *Id.* (quoting 28 U.S.C. § 1915(e)(1)). In determining whether to appoint counsel for an indigent litigant in a civil case, the court must first determine whether the Plaintiff's claim has "some merit in fact and law." *Id.* at 457 (quoting *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993)).

If Petitioner's claim has some merit, the court should then consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* (quoting *Tabron*, 6 F.3d at 155-56, 157 n. 5).

The Court first observes that "indigence is a prerequisite for the appointment of pro bono counsel." *Massaro v. Balicki*, Civ. No. 13-6958, 2016 WL 4204547, at *5 (D.N.J. Aug. 8, 2016); 28 U.S.C. § 1915(e)(1). Petitioner's lone and bare assertion that he "is currently being civilly detained in a hybrid civil commitment/Prison after the completion of his sentence and is thereby unable to attain and afford counsel to represent him in this matter" is not enough to establish indigence. Petitioner is not proceeding *in forma pauperis* in this case and there is nothing in the record from which a determination of indigence may be made. It is therefore unclear whether Petitioner meets this threshold requirement.

In any event, the Court concludes that the appointment of counsel would be premature at this time. Though the Court has ordered Respondents to answer the Petition, at this early stage in the litigation, where Respondents have not yet answered and the record is undeveloped, the legal and factual issues surrounding Petitioner's claims are not yet clear. As such, it is not possible at this time to assess the merits of Petitioner's claims and, then if necessary, to fully analyze the factors outlined in *Tabron*. The court will therefore deny Petitioner's request for the appointment of counsel at this time. However, the denial is without prejudice to Petitioner's right to request the appointment of counsel at a later time.

**IT IS**, therefore, on this 4th day of June, 2018

**ORDERED** that Petitioner's Motion to Appoint Pro Bono Counsel (ECF No. 4) is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

                                                  s/ John Michael Vazquez
                                                  JOHN MICHAEL VAZQUEZ
                                                  United States District Judge